# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WILLIE COOPER,

      Petitioner,      Case Number: 2:13-CV-14280

v.                HONORABLE GERALD E. ROSEN

RANDALL HAAS,

      Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

   This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Willie Cooper (Petitioner) is a state inmate currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  He challenges his convictions for assault with intent to murder, assault with intent to do great bodily harm less than murder, home invasion, and two counts of assault with intent to murder.  The claim raised does not warrant habeas corpus relief.  Therefore, the petition will be dismissed.

### I.

   The Michigan Court of Appeals described the facts leading to Petitioner's convictions as follows:

> After repeatedly threatening to kill her, defendant broke into his former girlfriend's house, began arguing with her, threatened to kill her, and then attacked her with a knife, stabbing her two times. When her son came out of his bedroom to help her, defendant also thrust the knife at him. Eventually defendant was forced out of the house where the police repeatedly told him to

stop and drop the knife. When defendant proceeded to walk in a threatening manner toward police officers, refusing to comply with their demands and gripping the knife, he was tasered. While on the ground, defendant continued to struggle with the police officers, but was eventually arrested.

*People v. Cooper*, No. 302702, 2012 WL 3640333, *1 (Mich. Ct. App. Aug. 23, 2012).

The Michigan Court of Appeals' recitation of the facts is presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

## II.

Petitioner was convicted by a jury trial in Macomb County Circuit Court of assault with intent to murder, assault with intent to do great bodily harm less than murder, first-degree home invasion, and two counts of assault with a dangerous weapon. On January 12, 2011, he was sentenced to 18 years, 9 months to 40 years' in prison for the assault with intent to commit murder conviction, 1 to 10 years' in prison for the assault with intent to do great bodily harm less than murder conviction, 1 to 20 years' in prison for the home invasion conviction, and 1 to 4 years' in prison for each assault with a dangerous weapon conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, arguing that his attorney was ineffective in failing to object to the scoring of offense variable 19. The Michigan Court of Appeals affirmed the convictions and sentences. *Cooper*, 2012 WL 3640333 at *1. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Cooper*, 494 Mich. 867 (Mich. June 25, 2013).

Petitioner then filed the pending habeas petition. He raises the same claim raised in state court.

## III.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

### B.

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set

3

of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

4

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.

Petitioner seeks habeas relief on the ground that his attorney was ineffective in failing to object to the scoring of offense variable 19.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that

5

counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689.  This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A court's review of counsel's performance must be "highly deferential."  *Id.* at 689.  Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*.  *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009).  "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold."  *Id.* at 123 (internal quotation omitted).

The Michigan Court of Appeals held that offense variable 19 was correctly scored at 15 points.  And, consequently, that counsel was not ineffective in failing to object.  *Cooper*, 2012 WL 3640333 at *1.  "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  "[S]tate courts are the ultimate expositors of state law."  *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  Given that the Michigan Court of Appeals held that offense variable 15 was correctly scored under Michigan law, Petitioner's attorney was not ineffective in failing to raise a futile objection.

6

*Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."). Habeas relief is denied.

## V.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

The Court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). Accordingly, the Court will deny leave to proceed *in forma pauperis* on appeal.

## VI.

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.

It is further ORDERED that a certificate of appealability is DENIED and leave to appeal *in forma pauperis* is also DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  November 4, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 4, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

8